* * * * * * * * * * *
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Rowell. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission affirms the Opinion and Award of Deputy Commissioner Rowell with modifications.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction of the parties and of the subject matter. In addition, all parties have been correctly designated, and there is no question as to misjoinder or non-joinder of parties.
2. The date of the injury which is the subject of this claim is February 21, 2002.
3. On said date, an employment relationship existed between Employee-Plaintiff and Employer-Defendant, Arvin Meritor, Inc.
4. Employer-defendant is a self-insured entity under the North Carolina Workers' Compensation Act.
5. The parties stipulate that employee-plaintiff's injuries as a result of the accident were to his head, neck and psychiatric.
6. The parties stipulate that employee-plaintiff had an average weekly wage of $849.12, therefore, the compensation rate would be $566.11.
7. The parties stipulate into evidence as Stipulated Exhibit # 1, the Pre-Trial Agreement, as modified and initialed by the parties.
8. The parties stipulate into evidence as Stipulated Exhibit # 2, medical records, stipulated to by the parties and submitted by letter filed August 5, 2004.
9. The parties stipulate into evidence as Stipulated Exhibit # 3, a chart of disability benefits paid to Plaintiff.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff's claim arises from an admittedly compensable accident on February 21, 2002, while plaintiff was performing his duties as a forklift operator for defendant-employer. Prior to February 21, 2002, plaintiff had worked for defendant-employer as a forklift operator for approximately twenty (20) years.
2. Defendant filed an I.C. Form 60 in this matter accepting liability for plaintiff's February 21, 2002 work injury.
3. The parties stipulated, pursuant to Stipulated Exhibit # 1, that plaintiff's injuries as a result of his work injury on February 21, 2002 were to plaintiff's head, neck and also psychiatric issues.
4. Plaintiff returned to work with defendant-employer following the injury on light duty, and continued to work light duty until September 19, 2002. At that time, plaintiff was taken out of work due to his continued neck pain, stiffness, headaches, continued edema of his legs. Plaintiff has not returned to work with defendant-employer, or with any other employer since September 20, 2002, as of the date of the hearing before the deputy commissioner.
5. Following plaintiff's compensable February 21, 2002 work injury he has continued to be treated by a number of physicians regarding his stipulated injuries to his head, neck, and psychiatric condition.
6. Defendant contends that plaintiff's low back or lumbar back injury is not related to his compensable February 21, 2002 work accident.
7. Dr. Stephen David, plaintiff's orthopedic surgeon, and Dr. Laura Fleck, plaintiff's neurologist, disagree on whether a causal relationship exists between plaintiff's low back condition and his February 21, 2002 work accident.
8. Based upon a review of the record evidence, along with the medical evidence in its entirety, it is determined that greater weight be given to the opinion of Dr. David, which is that plaintiff's low back problems were caused by, or aggravated/accelerated by his work-related accident of February 21, 2002.
9. Plaintiff sought out medical treatment on his own with Dr. Donald A. Hazlett, a psychiatrist. Plaintiff sought out this treatment due to his dissatisfaction with the other doctors he had been sent to by defendant regarding his psychiatric medical care.
10. Plaintiff has been under Dr. Hazlett's care since May 23, 2002, and currently continues his treatment under Dr. Hazlett. Plaintiff had requested that the Commission approve his treatment with Dr. Hazlett within a reasonable time after he began his treatment with Dr. Hazlett. Plaintiff requested payment for this treatment by motion made September 30, 2002.
11. Plaintiff has developed trust in Dr. Hazlett and his treatment during the period of time he has been treated by Dr. Hazlett. There exists a strong patient-physician relationship between plaintiff and Dr. Hazlett.
12. Based upon a review of the evidence in its entirety, it is determined that plaintiff has not unjustifiably refused any job offer by defendant. Plaintiff remains under current treatment for his psychiatric condition, and has not been released to return to work from a psychiatric standpoint.
13. On June 1, 2004, plaintiff was evaluated by Dr. David, who opined that plaintiff retains a permanent partial disability rating of five percent (5%) to his cervical spine and a two percent (2%) to his lumbar spine, and has reached maximum medical improvement. Dr. Fleck rated plaintiff with a two percent (2%) to his cervical spine and a two percent (2%) to his lumbar spine.
14. Plaintiff received short-term disability benefits from September 20, 2002 through March 20, 2003. This benefit was fully funded by defendant. Plaintiff began receiving long-term disability on March 21, 2003 until December 20, 2003. Defendant funded fifty percent (50%) of this benefit.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff suffered a compensable injury by accident on February 21, 2002, which resulted in injuries to his head, neck, and low back, as well as psychiatric problems. N.C. Gen. Stat. §97-2(6).
2. As a result of plaintiff's compensable injury by accident he remains disabled. N.C. Gen. Stat. §§ 97-2(9) and 97-29.
3. Dr. Hazlett is approved as an authorized treating physician for Plaintiff regarding his psychiatric medical treatment. N.C. Gen. Stat. § 97-25.
4. Defendant shall pay for the medical treatment necessitated by plaintiff's compensable February 21, 2002 work accident, including medical treatment by Dr. Hazlett, and medical treatment regarding plaintiff's low back. N.C. Gen. Stat. § 97-25.
5. Defendant is entitled to a credit for the short-term disability benefits paid to plaintiff from September 20, 2002 until March 20, 2003 from a disability plan fully funded by defendant, and to a credit for that portion of long-term disability benefits paid by defendant.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 AWARD
1. Subject to defendant's credit for short-term and long-term disability benefits paid to plaintiff (as indicated above), and subject to the attorney's fee approved herein, defendant shall pay to plaintiff temporary total disability benefits at the weekly rate of $566.11 beginning September 20, 2002 and continuing through the present, and continuing until plaintiff returns to work or until further order by the Industrial Commission. Such amount which has already accrued shall be paid in a lump sum.
2. A reasonable attorney's fee of twenty-five percent (25%) of the compensation due plaintiff under paragraph #1 of this award is approved for plaintiff's counsel and shall be paid by defendant as follows: twenty-five percent (25%) of the lump sum due plaintiff under paragraph #1 of this award which has accrued to date shall be paid directly to plaintiff's counsel. Plaintiff's counsel shall receive every fourth check of all future compensation.
3. Defendant shall pay all medical expenses incurred or to be incurred by plaintiff as a result of his compensable injuries so long as it tends to affect a cure or give relief or lessen his disability.
4. The issue(s) regarding whether plaintiff is entitled to any permanent partial disability compensation will remain open for further hearing, unless otherwise resolved by the parties.
5. Defendant shall bear the costs of this proceeding.
This the __ day of February, 2006.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER